**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zionist Villafuerte, | No. CV-19-02901-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Attorney Fees (doc. 34), filed January 27, 2021. Plaintiff seeks an award of $8,311.30[1] in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff argues that the Social Security Administration ("Commissioner") took a legal position in this case that lacked substantial justification and imposed additional unwarranted expenses on Plaintiff. (Doc. 35 at 3-4).

The Commissioner argues that Plaintiff's EAJA award should be reduced to $5,445.45, as Plaintiff's counsel should not be compensated for work performed in opposing the Commissioner's request for remand for further administrative proceedings. (Doc. 36 at 3). The parties agree that fees awarded must be payable to Plaintiff directly, not Plaintiff's counsel. (Doc. 35 at 13, 36 at 3). For the reasons explained below, the Court awards Plaintiff $6,913.75 in attorney fees under EAJA.

//

---

[1] Although Plaintiff initially sought $7,791.85 in fees (doc. 34 at 2), Plaintiff subsequently increased the fee award request by $519.45 for the expense of drafting the Reply brief. (Doc. 39 at 7-8).

**I.      Background.**

Plaintiff filed a Complaint (doc. 1) in this Court on May 7, 2019 seeking review of an unfavorable decision by the Commissioner. On August 6, 2019, the Commissioner filed an Answer (doc. 13) denying all allegations in the Complaint and requesting that the Court dismiss the Complaint with costs, affirming the underlying decision. (*Id*. at 2). On October 7, 2019, Plaintiff filed an Opening Brief (doc. 16) arguing the decision below should be vacated, and that the Court should remand the case back to the Commissioner only for the purpose of determining the appropriate amount of benefits to award Plaintiff. (*Id*. at 25).

On January 7, 2020, the Commissioner filed a Motion to Remand (doc. 22). The Commissioner argued that the initial denial of disability benefits to Plaintiff was erroneous, but that the Court should remand the matter to the Commissioner for an entirely new proceeding, not solely for calculation of benefits. (Doc. 22-1 at 11). On February 10, 2020, Plaintiff filed a Motion to Strike (doc. 25), arguing that the Commissioner's Motion to Remand was procedurally improper. In the alternative, Plaintiff argued that the Court should remand for calculation of benefits only.

After full briefing on the Motion to Strike (docs. 27, 30), the Court issued an Order (doc. 31) on March 16, 2020 granting Plaintiff's Motion to Strike in part. The Court concluded that the Commissioner violated Rule 16.2 of the Local Rules of Civil Procedure and the May 13, 2019 Scheduling Order (doc. 6) promulgated under Rule 16 of the Federal Rules of Civil Procedure by filing a Motion to Remand instead of merely responding to Plaintiff's Opening Brief. However, as the parties had fully briefed the issue of scope of remand via the Motion to Strike, the Court construed the Motion to Remand as the Commissioner's Response Brief, the Motion to Strike as Plaintiff's Reply Brief, and struck the remaining briefing on the Motion to Strike. (Doc. 31 at 4-5).

On November 2, 2020, the Court issued an Order (doc. 32) vacating the decision below and remanding the case for a new administrative proceeding. The Court concluded that Plaintiff had not demonstrated as a matter of law that the "ordinary remand rule" prescribed by *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) should not apply to

Plaintiff. (Doc. 32 at 6). The Court concluded a new administrative proceeding was necessary to resolve ambiguities in the record. (*Id*).

On January 27, 2021, Plaintiff filed the instant Motion for Attorney Fees. (Doc. 34). On February 10, 2021, the Commissioner filed a Response (doc. 36) in opposition. On February 18, 2021, Plaintiff filed a Reply. (Doc. 39).

**II.   Principles of Law.**

To prevail in a motion for EAJA fees, a plaintiff must be the prevailing party, and the government's position must be without substantial justification. *Matos v. Saul*, 469 F. Supp. 3d 934, 938 (N.D. Cal. 2020), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Commissioner bears the burden of establishing the government's position was substantially justified, meaning the Commissioner's position "must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (internal quotations omitted).

**III.   Analysis.**

**A.   Entitlement to Fees.**

The Court concludes that Plaintiff is entitled to fees under EAJA. Plaintiff is the prevailing party; Plaintiff sought to vacate the Commissioner's initial decision. (Doc. 1 at 20). After the Commissioner agreed the decision below was erroneous, the Court vacated the decision and remanded the matter to the Commissioner for a new proceeding. (Doc. 32 at 7). Plaintiff is therefore the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Matos*, 469 F. Supp. 3d at 938.

Additionally, the government's initial position was without substantial justification. The Commissioner initially contended that the decision below should be affirmed and the Complaint dismissed. (Doc. 13 at 2). However, the Commissioner later conceded that the decision below was erroneous and warranted remand. (Doc. 22-1 at 2). The Commissioner's initial position therefore did not have "a reasonable basis both in law and fact" under *Meier*, meaning Plaintiff is entitled to full compensation for the cost of filing the Complaint and Opening Brief.

### B. Computation of Fee Award.

Plaintiff's proposed hourly rates are reasonable. Plaintiff's counsel's 2019 hourly rate was $205.25 per hour, while counsel's 2020 and 2021 hourly rate was $207.78. Under 28 U.S.C. § 2412(d)(2)(A), a court may consider increases in the cost of living or a special factor, such as the limited available of qualified attorneys, when deciding whether to allow a rate higher than the statutory limit of $125.00. Plaintiff's proposed hourly rates are reasonable when accounting for cost of living and applicable special factors. *See Arndt v. Comm'r of Soc. Sec. Admin.*, No. CV-16-02579-PHX-DJH, 2019 WL 3997360 at *4 (D. Ariz. Aug. 23, 2019) (applying hourly rate of $200.79 in 2018).

The Court disagrees with the Commissioner's proposed reductions in the number of hours worked. The Ninth Circuit has instructed district courts that they should 'give deference to the winning lawyer's professional judgment" as to the number of hours worked. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). Although there are some miscellaneous expenses the Court considers non-compensable, the Court concludes the actual number of hours worked on any given item is not inherently unreasonable; Plaintiff's counsel rightly prepared a full Opening Brief anticipating that the Commissioner would defend the decision below, as the Commissioner indicated he would in the Answer.

The Commissioner states that the Court should reduce the EAJA fee award by 11.1 hours for Plaintiff's litigation of the Motion to Remand, because Plaintiff unreasonably believed she was entitled to remand solely for calculation of benefits. (Doc. 36 at 5, citing *Gutierrez v. Colvin*, No. CV-13-02168-PHX-DGC, 2015 WL 254642 at *1-2 (D. Ariz. Jan. 20, 2015).) The Commissioner argues that, because the Court remanded for a full proceeding, Plaintiff's position was unreasonable, and Plaintiff is entitled to no compensation for any work performed after the Commissioner offered to remand the case on November 26, 2020. (Doc. 36 at 4-5).

Although the Commissioner prevailed on the scope of remand, the Court concludes that the Commissioner was without substantial justification in the law to file a separate

Motion to Remand rather than conceding error in an ordinary response brief. As the Court noted in its March 16, 2020 Order, there is no provision in LRCiv 16.1 that permits the Commissioner in a Social Security appeal to respond to an Opening Brief in anything other than an Answering Brief, and that by doing so, the Commissioner attempted to garner an unfair advantage by availing himself of an extra opportunity to respond, an opportunity the Commissioner would not have had under the procedure contemplated by LRCiv 16.1 and the Scheduling Order promulgated under Fed. R. Civ. P. 16. (Doc. 31 at 3-4). Plaintiff is entitled to at least partial fees associated with litigating the motion to remand.

However, as the Commissioner's position on the scope of remand ultimately prevailed, the Commissioner's position had substantial justification, and Plaintiff is not entitled to fees concerning the scope of remand. The Court will reduce the fee award associated with briefing the remand motion by 4.8 hours worked.

The Court also strikes several miscellaneous expenses. Certain expenses that are either ministerial in nature or do not require an experienced attorney to perform are not recoverable in a fee award. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019) (collecting cases). Certain items, like the January 21, 2020 and March 5, 2020 Orders by the Court granting extensions of time to file, are not recoverable. The Court will reduce the number of hours worked by a further 0.3 hours.

### C. EAJA Fee Litigation.

Plaintiff is entitled to the full costs associated with filing the initial EAJA motion. However, the Court bifurcates its consideration of the initial litigation in this action with its consideration of the costs associated with the EAJA motion because the Court is concerned with the conduct of both parties while litigating this motion.

To begin, the Commissioner argues Plaintiff's counsel failed to make a good faith effort to resolve the disputed amount of attorney fees in this matter as required by LRCiv 54.2. (Doc. 36 at 8). However, by its own terms, LRCiv 54.2 applies only to "claims for attorneys' fees and related non-taxable expenses made in cases assigned to the Standard Track of Complex Track of the local rule governing Differentiated Case Management."

The Standard and Complex Tracks are governed by LRCiv 16.2(b)(2) and (b)(3). As an appeal from the Social Security Administration, this case is assigned to the Expedited Track, LRCiv 16.2(b)(1). Therefore, LRCiv 54.2 does not apply to this case, and Plaintiff was not required to abide by LRCiv 54.2 when discussing the scope of the appropriate EAJA fee award.

Next, the Commissioner claims that Plaintiff violated Fed. R. Evid. 408 by discussing the negotiations regarding the EAJA fee award in Plaintiff's motion. (Doc. 36 at 8). However, the Commissioner's purported authority in support of this contention is a citation to the Commissioner's own brief in another case not before this Court, and not to a judicial opinion or source of authority that discusses the applicability of Rule 408 to EAJA proceedings. Moreover, as the Ninth Circuit has held **since 2011**, a district court may consider settlement negotiations for the purpose of deciding a reasonable attorney fee award. *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). *See also In re Kekauoha-Alisa*, 674 F.3d 1083, 1094 (9th Cir. 2012); *Spitzer v. Saul*, No. 17-CV-01736 DAD JLT, 2020 WL 1970064 (E.D. Cal. Apr. 24, 2020) (applying *Ingram* and *In re Kekauoha-Alisa* to Social Security fee award litigation), *report and recommendation adopted*, 2020 WL 2571383 (E.D. Cal. May 21, 2020). This is settled law in the Ninth Circuit, and the Court is disturbed both that the Commissioner continues arguing to the contrary and does so without citations to case law on the subject.

The Court is equally concerned with Plaintiff's counsel's snide reference to Commissioner's counsel as a "cog in an unthinking bureaucratic machine" that is "really not exercising independent professional judgment," despite an attempt to disguise the *ad hominem* nature of this attack by suggesting that counsel "should not be considered personally responsible for lying to this Court." (Doc. 39 at 7). Regardless of the acrimonious history of fee award litigation between Plaintiff's counsel and the Commissioner—a history the Court is familiar with—the Court expects better from Plaintiff's counsel, and so do the Arizona Rules of Professional Conduct and the Arizona Lawyer's Creed. *See* Ariz. R. Sup. Ct. 41(b)(8); Ariz. Lawyer's Creed § B(1).

Plaintiff seeks $519.45 for 2.5 hours of work in drafting the Reply (doc. 39). Although some of the Reply is devoted to explaining why the proposed fee award is reasonable considering the results Plaintiff attained, the remainder of the Reply pontificates on the Commissioner's unfair treatment of Plaintiff's *counsel* in Social Security appeals and the duty counsel has to all plaintiffs generally to obtain as large an EAJA fee award as possible. (*id*. at 3-4, 5-7, 8). The Court will award EAJA fees only for the portion of the Reply that discusses how Plaintiff's specific case warrants a fee award. In the Court's discretion, that portion is one-third. The Court reduces Plaintiff's award for drafting the Reply by $348.03.

**IV.     Conclusion.**

Plaintiff proposed a fee award of $8,311.30 for 40.3 hours of work litigating this case and the initial Motion for Attorney Fees. (Doc. 35-2, Ex. B at 5). The Court subtracts 4.8 hours associated with litigating the scope of remand for Plaintiff's proposed figure, as well as 0.3 hours associated with reviewing extension orders issued by the Court, for a total of 5.1 hours reduced. Applying the hourly rates charged by Plaintiff's counsel, the Court reduces the EAJA fee award by $1,049.52. The Court also reduces the amount sought for filing the Reply to the EAJA motion by $348.03. The total EAJA fee award Plaintiff is entitled to receive is therefore $6,913.75.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Attorney Fees (doc. 34) is **granted in part**.

(2)     Plaintiff is awarded $6,913.75 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412(d).

(3)     If, after receiving the Court's EAJA fee Order, the Commissioner determines upon effectuation of the Court's EAJA fee Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the EAJA fees will be made payable to Plaintiff's attorney.

However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and

the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

This award is without prejudice to the ability of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated this 19th day of February, 2021.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge